# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JOHN HERNDON,                       )
                                    )
    Petitioner,                     )
                                    )
        v.                          )   Civil Action No. 13-0310 (KBJ)
                                    )
UNITED STATES PAROLE COMMISSION,    )
                                    )
    Respondent.                     )
_____ )


## MEMORANDUM OPINION

Before the Court is the United States Parole Commission's ("Commission's") Opposition to Petitioner John Herndon's Petition for Writ of Habeas Corpus [Dkt. 11]. Petitioner filed his habeas petition [Dkt. 1] pursuant to 28 U.S.C. § 2241 to challenge the Commission's rescission of the time he served while on parole ("street-time credit") after repeated parole violations and revocations, which, in Petitioner's view, has resulted in the unlawful extension of his sentence. (Pet. at 5-6.) The Commission opposes issuing a writ on several grounds, and on April 23, 2013, the Court advised petitioner, who is proceeding *pro se*, about the duty to reply to the government's opposition and the consequences if he failed to reply. Particularly, petitioner was informed that the government's "allegations," if not opposed, "shall be accepted as true," unless the Court determined "from the evidence that they are not true." (Order [Dkt. 10] at 2 (quoting 28 U.S.C. § 2248).) Petitioner has neither filed a reply nor sought additional time to do so, and the Court accepts the government's allegations as true. Upon consideration of the habeas petition and the government's uncontested

1

opposition, the Court finds no basis for issuing the writ. Hence, the habeas petition will be **DENIED** and the case will be dismissed.

## BACKGROUND

The respondent's submissions document the following undisputed facts. Petitioner is serving an aggregate prison sentence of 21 years that the Superior Court of the District of Columbia imposed on April 7, 1989, and December 22, 1993, for drug possession and distribution offenses. (Resp't's Opp'n at 2.) Petitioner's first release to parole supervision occurred on June 12, 1996, with a sentence expiration date of February 1, 2010. (Id.) Petitioner violated this parole, and the then-District of Columbia Board of Parole ("D.C. Parole Board") issued a parole violator warrant that was executed with Petitioner's arrest two years later, on May 10, 1999. (Id.) Following a hearing in which Petitioner admitted the charge, the D.C. Parole Board revoked Petitioner's parole on August 14, 1999. (Id.)

Meanwhile, Congress abolished the D.C. Parole Board, and the Commission assumed authority over parole determinations of District of Columbia felons. See D.C. Code § 24-131; Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C. Cir. 1998). Following a parole hearing on September 19, 2000, the Commission granted Petitioner parole and released him to parole supervision on June 13, 2001, with a new sentence expiration date of December 29, 2012. (Resp't's Opp'n at 2.)

In the ensuing years, an unfortunate sequence of release, violation, and revocation was repeated multiple times with respect to Petitioner's parole and incarceration status. (See id. at 3-5.) For example, after being released to parole

supervision in June of 2001, as explained above, Petitioner was arrested for drug distribution in Maryland (a violation of his parole conditions) and upon his conviction for that charge, the State of Maryland placed him on three years of probation. (See id. at 3.) Petitioner absconded shortly thereafter, and both the State of Maryland and the Commission issued warrants for Petitioner's arrest. (See id.) Significantly for present purposes, when Petitioner was finally caught and arrested in August of 2005, the Commission held a parole hearing and revoked Petitioner's parole on November 21, 2005. (See id.) In revoking petitioner's parole at that time (in November 2005), and again in May 2007, and also in March 2009, the Commission rescinded petitioner's street-time credit and recalculated his sentence expiration date (id.), thereby placing petitioner time-wise (for the purpose of determining the amount of incarceration left to be served) in the position that he would have been in but for his release to parole.[1]

After the revocation of March 2009, Petitioner was released to parole supervision twice more, and he was rearrested for drug violations while on release both times. On the first occasion, Petitioner was released to parole on April 19, 2010, with a new sentence expiration date of August 20, 2018. (Id. at 4.) On September 24, 2010, the Commission issued a parole violator warrant, charging Petitioner with infractions such as failing to submit to drug testing and failing to report to his supervising officer as directed, and Petitioner was arrested pursuant to that warrant on October 8, 2010. (Id.) In lieu of full parole revocation, the Commission conditionally released Petitioner to an in-patient drug treatment and substance abuse program in February of 2011, which

---

[1] See, e.g., Brown v. Jackson, No. 97-7056, 1997 WL 529060 (D.C. Cir. July 29, 1997) (per curiam) (explaining why under then-D.C. parole law an "[a]ppellant [sentenced in 1971] continued to owe nearly 15 years on his 20-year sentence in 1986 following the revocation of his parole").

3

Petitioner failed to complete, and on January 3, 2012, another warrant issued for various drug-related infractions. (Id. at 4-5.)  When petitioner was arrested three weeks later, (id. at 5), he agreed to participate in a drug intervention program in lieu of a revocation hearing.  (See Resp't's Opp'n, Ex. JJ, "Short Intervention for Success Application.")  As a result, the Commission revoked Petitioner's parole pursuant to the terms of the agreement, and credited petitioner with "[a]ll time spent on parole (from October 8, 2010 to February 22, 2011)."  (Resp't's Opp'n, Ex. KK, "Feb. 8, 2012 Not. of Action.")  The Commission also set a new parole date of May 22, 2012, and imposed conditions for Petitioner to participate in a special drug aftercare program "as instructed by your Supervision Officer."  (Id.)

On May 22, 2012, petitioner was again released to parole supervision with a new sentence expiration date of January 7, 2020.  (Resp't's Opp'n, Ex. LL, "Certificate of Parole.")  The Commission was compelled to issue a violator warrant on November 28, 2012, however; and that warrant was executed when petitioner was arrested on January 4, 2013.  (Resp't's Opp'n, Ex.s MM, "Warrant Application," NN, "Warrant.")[2]  While confined at the D.C. Jail awaiting a parole revocation hearing, Petitioner initiated this action, through which he asserts both that the Commission should credit him the time he spent on parole before each parole revocation and that his sentence has been unlawfully extended.  (See Pet. at 5; Resp't's Opp'n  at 5-6.)  His current sentence expiration date is January 7, 2020.

---

[2] On January 16, 2013, the Commission permitted Petitioner to participate in a secure residential drug treatment program while in custody, and authorized postponement of his revocation hearing.  (Resp't's Opp'n, Ex. QQ ("Notice of Action").  On March 21, 2013, the Commission received notice that Petitioner was unsuccessfully discharged from the program.

4

## ANALYSIS

Habeas corpus under 28 U.S.C. § 2241 is the "exclusive [federal] avenue available to a District of Columbia prisoner challenging the manner of execution of a sentence, rather than the sentence itself." Perkins v. Henderson, 881 F. Supp. 55, 60 (D.D.C. 1995) (citations omitted). District of Columbia prisoners are entitled to habeas relief if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner takes issue generally with the Commission's rescission of his street-time credit and the resulting extension of his sentence expiration date. (Pet. at 5-6.)[3] But D.C. Code § 24-406 (formerly § 24-206) specifically <u>required</u> such action when Petitioner's parole was revoked in 2005, 2007, and March 2009. In relevant part, the D.C. law provided that

> [i]f the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. . . . <u>The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.</u>

D.C. Code § 24-406(a) (1981) (emphasis added).[4]

---

[3] The petition does not refer to the Commission's revocation and street-time forfeiture decisions by date; rather, it states generally that "[t]he Parole Commissioner does not have the right to not credit me my time spent on parole each time I got paroled and come back on a violation on sentences that does not even exist any more and my time should have been expired a long time ago." (Pet. at 5.) It appears from the record that Petitioner's street time was rescinded when his parole was revoked in 2005, 2007, and 2009. The Commission's February 8, 2012, Notice of Action that revoked petitioner's parole on that date does not indicate that the Commission rescinded petitioner's street-time credit with respect to that revocation.

[4] In 2009, the statute was amended to require that a parolee receive credit "for all time served on parole," with two exceptions. First, the Commission is now required to "order" the forfeiture of street-time credit only "[i]f a parolee is convicted of a crime committed during a period of parole . . .

5

This statute unquestionably applied to petitioner's circumstances during the relevant period, and the constitutionality of its provisions is well settled. See U.S. Parole Comm'n v. Noble, 693 A.2d 1084, 1094-1104 (D.C. 1997), reinstated 711 A.2d 85 (D.C. 1998) (en banc) (interpreting D.C. Code § 24-206(a) as requiring forfeiture of street-time credit on certification of question from the District of Columbia Circuit); see also McKee v. U.S. Parole Comm'n, 214 F. App'x. 1, 2 (D.C. Cir. 2006) ("Noble provided an authoritative statement of the meaning of D.C. Code § 24-206(a) (1981) that was consistent with the statutory language."); Campbell v. U.S. Parole Comm'n, 563 F. Supp. 2d 23, 25 (D.D.C. 2008) (discussing "firmly established" precedent) (citations omitted); Morrison v. U.S. Parole Comm'n, No. 04-2192, 2006 WL 1102805, at *3 (D.D.C. Apr. 26, 2006) ("The forfeiture of street time under Noble has consistently withstood constitutional challenge.") (citing cases). Therefore, in accordance with the holdings of numerous prior cases in this district, this Court finds that "upon each of petitioner's parole revocations [prior to 2009], the number of days he spent on parole was properly rescinded and, thus, no longer counted towards the service of his prison term." Thompson v. District of Columbia Department of Corrections, 511 F. Supp. 2d 111, 113 (D.D.C. 2007); see also Dews v. Waldern, 590 F. Supp. 2d 42, 44 (D.D.C. 2008) (same) (citing Jones v. Bureau of Prisons, No. 02-5054, 2002 WL 31189792, at *1 (D.C. Cir. Oct. 2, 2002)).

---

punishable by a term of imprisonment of more than one year[.]" D.C. Code § 24-406(c)(2)(A) (May 20, 2009). Second, the Commission "may" rescind a parolee's street-time credit "for the period of time . . . the parolee failed or refused to respond to [a reasonable] request, order, summons, or warrant." Id.; § 24-406(c)(3). These amendments "[do] not apply to any period of parole that was revoked prior to May []2009," id., § 24-406(d), and therefore provide no basis for granting relief to petitioner based on the revocations prior to May 2009. Moreover, while it does not appear from the February 8, 2012, Notice of Action that the Commission rescinded petitioner's street-time credit when it revoked his parole on that date, it likely could have done so consistent with the law at the time because Petitioner indisputably failed to comply with reasonable orders regarding the conditions of his parole.

6

Consequently, the petition for a writ of habeas corpus is **DENIED** and this case is dismissed.  A separate order accompanies this Memorandum Opinion.

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

DATE:  August 16, 2013